UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
JOVITA GOMEZ,                       )
                                    )
            Plaintiff,              )
                                    )
       v.                           )   Civil Action No. 07-2014 (PLF)
                                    )
UNITED STATES DEPARTMENT            )
OF THE ARMY,                        )
                                    )
            Defendant.              )
_____ )

MEMORANDUM OPINION

This matter is before the Court on defendant's motion to dismiss or, in the alternative, for summary judgment. Having considered defendant's motion, plaintiff's opposition, and the entire record of the case, the Court will grant the motion to dismiss and deny the summary judgment motion as moot.

I.   BACKGROUND

Plaintiff is the widow of Federico C. Gomez. *See* Compl., Attach. (copies of Certificate of Death and Marriage Contract). The record reflects that, on six occasions, attempts were made to confirm the late Mr. Gomez's military service through records searches. It appears that no such records exist.

In April 1977, Mr. Gomez submitted a request to the National Personnel Records Center ("NPRC"), Military Records Center, for the following information:

1

> official reconstructions and confirmations of [his] statement of active military services with awards of medals or sitations [sic] of the standard Army regulation with PURPLE HEART for would received [sic] in service as member of the U.S. Armed Forces of the Philippines during World War II.

Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss Or, in the Alternative, for Summary Judgment ("Def.'s Mot."), Administrative Record ("A.R.") 1.[1] NPRC staff initiated a search of United States Armed Forces in the Far East card index files, Guerrilla Affairs Division rosters, extract copies of discharges, a concentration camp death roster, a prisoner of war camp roster, casualty reports, hospital records, and other potential sources of information. *See* A.R. 2-5. The Army could not establish Mr. Gomez's "service[] as a member of the presurrender forces of the Philippine Commonwealth Army in the service of the Armed Forces of the United States." A.R. 6. Nor could it find his name "listed on any officially approved Guerrilla Affairs Division Roster." *Id.*

In June 1978, the Veterans Administration submitted a request to the United States Army for service and medical records pertaining to Mr. Gomez for the purpose of processing his claim for disability benefits. A.R. 9. Mr. Gomez alleged that he was on active duty from December 7, 1941 until his honorable discharge on June 25, 1945, last serving with the 110th Division, 10th Military District. *See id.* The Army determined that Mr. Gomez "ha[d] no service as a member of the Philippine Commonwealth Army, including the recognized guerrillas, in the service of the United States Armed Forces." *Id.*

---

[1] According to the website (http://www.archives.gov/st-louis/military-personnel), the National Personnel Records Center, Military Personnel Records, is the repository for military personnel, health, and medical records of discharged and deceased veterans of all services during the 20th century.

In September 1978, Mr. Gomez requested of the Army's Adjutant General copies "of a military certification and or service information[] (MDF) in connection with [his] claims for an appropriate approval of [his] claims for service connected disability . . . due to wounds received during [his] World War II military services." A.R. 10. A handwritten notation on the letter read "neg report." *Id.* From this notation, it appears that the search located no military records of Mr. Gomez's service.

The administrative record included a Certification from the General Headquarters of the Armed Forces of the Philippines stating that Mr. Gomez's name "is not carried in the approved roster of 1948." A.R. 11.

In April 2006, plaintiff sent a request to the NPRC for "issuance of a Certification of Military Service of [her] late husband," A.R. 15, and submitted a similar request in October 2006. A.R. 17. In its response, the NPRC informed plaintiff that Mr. Gomez's "name is not shown in the official records and archives on file . . . which list the members of the Philippine Commonwealth Army, including recognized guerrillas, in the service of the United States Armed Services during World War II." A.R. 18.

Plaintiff filed the instant complaint on November 7, 2007, which in its entirety reads as follows:

> COMPLAINT
> Non-payment of military benefit
> Due to Federico C. Gomez who rendered
> Service in the 109th Division 10th Military District and who failed to
> Receive compensation during his services.
>
> WHEREFORE, the premises considered, the plaintiff demands judgment against dependants [sic] in the amount of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00).

Plaintiff Demands Trial by Jury.

Compl.[2]

Upon review of the Complaint, an Archives Technician at the NPRC "performed searches in the archival rosters on January 30, 2008, but did not find any record of service for Mr. Gomez." Def.'s Mot., Declaration of Connie Tauser ¶¶ 1, 4. "The official records and archives on file at [NPRC] fail[ed] to establish . . . Mr. Gomez's alleged service as a member of the Philippine Commonwealth Army, including the recognized guerrillas in the service of the U.S. Armed Forces during World War II." *Id.* ¶ 6.

## II. DISCUSSION

Defendant moves to dismiss this case on the ground that the Court lacks subject matter jurisdiction. *See* Def.'s Mot. at 5-7.

The Tucker Act vests in the United States Court of Federal Claims original jurisdiction over civil actions against the United States "founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). Federal district courts, in comparison, have concurrent jurisdiction over civil actions of this nature, as long as the claim does not exceed $10,000 in amount. 28 U.S.C. § 1346(a)(2) (known as the Little Tucker Act). "Absent other grounds for district court jurisdiction, a claim is subject to the Tucker Act and its jurisdictional consequences if, in whole or in part, it explicitly or 'in essence' seeks more

---

[2] The Clerk of Court received plaintiff's complaint and application to proceed *in forma pauperis* on October 19, 2007. The Court approved the application on November 1, 2007, and the Clerk officially filed these documents on the docket on November 7, 2007.

than $10,000 in monetary relief from the federal government." *Kidwell v. Dep't of the Army, Bd. for Corr. of Military Records*, 56 F.3d 279, 284 (D.C. Cir. 1995). Because plaintiff's express demand for damages against the United States far exceeds the $10,000 limit, it falls within the exclusive jurisdiction of the Court of Federal Claims. *See, e.g., Mortega v. Dep't of Defense*, 520 F. Supp. 2d 1, 7 (D.D.C. 2007) (granting motion to dismiss for lack of subject matter jurisdiction where claim against United States exceeded $10,000); *Bliss v. England*, 208 F. Supp. 2d 2, 7-8 (D.D.C. 2002) (same).

For want of jurisdiction, the Court "shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed[.]" 28 U.S.C. § 1631. The Court concludes that transfer of this action to the Court of Federal Claims is not in the interest of justice.[3]

Furthermore, cases involving military pay fall under the jurisdiction of the Court of Federal Claims. *See, e.g., Sanders v. United States*, 34 Fed. Cl. 75, 80 (Fed. Cl. 1995), *aff'd*, 104 F.3d 376 (Fed. Cir. 1996), *cert. denied*, 522 U.S. 1036 (1997). Such claims "accrue upon discharge or separation from active duty status." *Entines v. United States*, 39 Fed. Cl. 673, 679 (Fed. Cl. 1997), *aff'd*, 85 F.3d 881 (Fed. Cir.), *cert. denied*, 526 U.S. 1117 (1999). "Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501; *see Entines v. United States*, 39 Fed. Cl. at 678 (statute of limitations for suits filed under the Tucker

---

[3] Even if plaintiff had overcome this jurisdictional barrier, it is difficult to imagine that her claim could be successful. Absent records of Mr. Gomez's active military service, plaintiff is unlikely to prove her eligibility for back pay or benefits as his surviving widow.

Act is six years). In this action, plaintiff demands compensation for her late husband's military service, and this claim accrued on her late husband's alleged Army discharge in June 1945. The six-year statute of limitations has long since run. Even if this action were transferred to the Court of Federal Claims, that Court undoubtedly would conclude that plaintiff's claims would be barred by the statute of limitations.

### III.  CONCLUSION

The Court concludes that the United States Court of Federal Claims has exclusive subject matter jurisdiction over plaintiff's claim. Although transfer of an action to the court where it could have been brought is authorized by statute, the Court concludes that in this case transfer is not in the interest of justice, for two reasons: (1) the statute of limitations has run, and (2) after six records searches, there is no evidence of Mr. Gomez's military service, and thus no evidence to support plaintiff's claim for payment of military benefits. Accordingly, the Court grants defendant's motion to dismiss and will deny its summary judgment motion as moot. An Order consistent with this Memorandum Opinion is issued separately.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: September 2, 2008